UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TODD M. KORBEL | CASE NO. 2:21-CV-2214 |
| VERSUS | SECTION |
| REPUBLIC FIRE AND CASUALTY INSURANCE COMPANY AND SOUTHERN UNDERWRITERS INSURANCE COMPANY | JUDGE ELDON FALLON<br><br>MAGISTRATE NORTH |

## ORDER AND REASONS

The Court has before it Defendant Southern Underwriters Insurance Company's Motion for Summary Judgment on all of Plaintiff Todd M. Korbel's claims, R. Doc. 19, as well as Defendant's alternate Motion for Partial Summary Judgment on Plaintiff's bad faith claims, R. Doc. 20. Plaintiff has responded in opposition to both. R. Docs. 21; 22. Having considered the briefing and the applicable law, the Court rules as follows.

I.  BACKGROUND

This case arises out of alleged damage to a property at 200 Mandarin Street in Metairie (the "Property"), Louisiana, owned by Plaintiff, who had a homeowner's insurance policy (the "Policy") with Defendant Southern Underwriters Insurance Company ("Southern"). R. Doc. 1-2 at 1-2. Plaintiff alleges that, on October 28, 2020, Hurricane Zeta caused significant damage to the Property. *Id.* Plaintiff alleges that Southern conducted an inspection which constituted "satisfactory proof of loss," but that Southern failed to adjust the claim or provide compensation

to Plaintiff following the inspection. *Id.* Plaintiff alleges that he was forced to hire his own experts, and repair estimates. *Id.*

Plaintiff brought suit against Defendant, asserting: (1) breach of insurance contract; (2) violation of La. R.S. § 22:1892 for failing to meet statutory payment deadlines; (3) violation of La. R.S. § 22:1973 for, *inter alia*, breach of a duty of good faith and fair dealing; (4) negligence. *Id.* at 3-5. Plaintiff seeks damages including, but not limited to: (1) past and future repairs; (2) damages to his property resulting from not receiving the insurance proceeds that were necessary to repair his property to protect it from future damages; (3) attorney's fees; (4) delays in renovation and repair of property due to inadequate insurance funds; (5) delays in ability to return to the property; and (6) statutory penalties. Id. at 5.

Southern generally denies Warrens' allegations and asserts a number of affirmative defenses, including: (1) failure to state a claim; (2) limitations and exclusions under the Policy failure to state a claim; (3) acting with good faith; (4) damages were caused by subsequent, separate events such as Hurricane Ida; and (5) damages pre-dated the subject incident. R. Doc. 6-9.

## II. PRESENT MOTIONS

Southern now moves this Court for summary judgment on Plaintiff's claims. Southern asserts that, as a predicate for coverage, the Policy requires that the named insured—here, the Plaintiff— reside at the property on which he seeks coverage. R. Doc. 19-2 at 1. Southern argues that Plaintiff did not in fact reside at the Property, and that therefore he is not entitled to coverage under the Policy for his asserted damages. *Id.* at 6–7. In the alternate, should the Court deny its motion for complete summary judgment, Southern also moves for partial summary judgment on

Plaintiff's claims against it for bad faith, arguing that Plaintiff cannot meet the standard for entitlement to these statutory penalties under Louisiana law. R. Doc. 20-2.

### III. APPLICABLE LAW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion; that is, the absence of a genuine issue as to any material fact or facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

### IV. DISCUSSION

The content of the Policy in question is not disputed by the parties: it provides coverage to "[t]he dwelling on the 'residence premises' . . . including structures attached to the dwelling[,]" as well as "other structures on the 'residence premises[.]'" the Policy defines "residence premises" as "[t]he one-family dwelling where you reside[.]" R. Doc. 19-5. Southern argues that Plaintiff did not 'reside' at the Property, and that he is therefore not entitled to coverage under the Policy. On the other hand, Plaintiff asserts that he did in fact reside at the Property, or, in the alternate, that Southern has waived it right to assert this lack of coverage defense.

**A. Waiver**

Under Louisiana law, "[w]aiver is generally understood to be the intentional relinquishment of a known right, power, or privilege" and "occurs when there is an existing right, a knowledge of its existence and an actual intention to relinquish it or conduct so inconsistent with the intent to enforce the right as to induce a reasonable belief that it has been relinquished." *Steptore v. Masco Const. Co.*, 93-2064 (La. 8/18/94), 643 So. 2d 1213, 1216 (internal citations omitted). In the context of an insurance policy, "[a] waiver may apply to any provision of an insurance contract, even though this may have the effect of bringing within coverage risks originally excluded or not covered." *Id.* (citations omitted). Louisiana jurisprudence has "well established that an insurer is charged with knowledge of the contents of its own policy." *Id.* "In addition, notice of facts which would cause a reasonable person to inquire further imposes a duty of investigation upon the insurer, and failure to investigate constitutes a waiver of all powers or privileges which a reasonable search would have uncovered." *Id.*

Plaintiff argues that Southern has waived its right to argue that he is not entitled to coverage under the Policy because it continued to pay out under the Policy even after the date that Southern says it became aware Plaintiff did not reside at the Property, Plaintiff's March 9, 2023 deposition. Plaintiff asserts that the deposition constitutes "notice of facts which would cause a reasonable person to inquire further[,]" thus imposing on Southern a duty to investigate. Accordingly, Plaintiff argues that Southern's tendering of payments under the Policy on May 16, 2023, and May 23, 2023, following the deposition, constitutes "conduct so inconsistent with the intent to enforce the right as to induce a reasonable belief" in Plaintiff that Southern had waived the right to assert its lack of coverage defense.

However, the Fifth Circuit has held that, under Louisiana law, "[c]onduct in paying one claim under a policy does not prevent the insurer from raising defenses to the policy." *Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 270 (5th Cir. 2003) (citing *FDIC v. Duffy,* 47 F.3d 146 (5th Cir.1995)). In *Duffy*, the insurer raised a lack of coverage defense based on the exclusion of coverage for any claims arising from intentional or dishonest acts, but did not raise this defense until six years after it became aware that the insured had been adjudged dishonest, and had continued making payments to the insured's claims in the interim. *See Duffy,* 47 F.3d at 150–51. The *Duffy* court concluded that this conduct was not sufficient for it to hold that the insurer had waived its right to the lack of coverage defense.

Similarly, the Fifth Circuit has noted that Louisiana state courts have relied on La. Civ. Code Ann. art. 2299, which states that "[a] person who has received a payment or a thing not owed to him is bound to restore it to the person from whom he received it[,]" to hold that "an insurer's erroneous, or even negligent, payment of a claim to its insured does not bar the insurer from later recouping the amount paid." *Am. Int'l Specialty Lines Ins. Co.*, 352 F.3d at 271. Indeed, even "a person who knowingly . . . has paid . . . a thing not owed may reclaim" the amount paid from the recipient. La. Civ. Code Ann. art. 2299 cmt. (d). This being the case, it would be contrary to Louisiana law and the Fifth Circuit's interpretation thereof for this Court to hold that Southern's conduct in continuing to make payments on Plaintiff's insurance claim even after discovering that he did not reside at the property constitutes waiver of its lack of coverage defense based on that fact.

### B. Residence under the Policy

Plaintiff argues that the Policy fails to define the term "resides[,]" and that the term must therefore be construed in his favor, because "[w]hen words and phrases contained in an

insurance contract are ambiguous, they are to be construed reasonably in the sense that is most favorable to the insured or the person claiming coverage." *Westerfield v. LaFleur*, 493 So. 2d 600, 605 (La. 1986). However, under Louisiana law, "[w]ords and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning[.]" *Cadwallader v. Allstate Ins. Co.*, 848 So.2d 577, 580 (La. 2003) (citing La. Civ. Code Ann. art. 2047). As the Fifth Circuit has explained, "the plain, ordinary and generally prevailing meaning of the word 'reside' requires more than purchasing a home or intending to move into it." *GeoVera Specialty Ins. Co. v. Joachin*, 964 F.3d 390, 393 (5th Cir. 2020) (internal quotation marks omitted) (citing *Korbel v. Lexington Ins. Co.*, 308 F. App'x 800, 805–06 (5th Cir. 2009)). This Court must therefore "look to the generally prevailing meaning of 'reside,' which is defined as 'to dwell permanently or for a considerable time, to have one's settled or usual abode, to live, *in* or *at* a particular place.'" *Korbel*, 308 F. App'x at 805 (emphasis original) (citing Oxford English Dictionary (2d ed.1989)).

In support of his argument that he did reside at the Property, Plaintiff argues that he received mail, including correspondence from Southern, at the Property, that he paid water and electric bills for the Property in his name, that he was at the Property every day performing work or checking on the Property, that he had stored some belongings at the Property, and that he had a homestead exemption on the Property. R. Doc. 21 at 9–11. But, as the Fifth Circuit has previously explained *to Plaintiff himself* in a previous lawsuit, this evidence is insufficient to create an issue of material fact as to whether Plaintiff resided in or at the Property. *See Korbel*, 308 F. App'x at 805–06.

In *Korbel v. Lexington Ins. Co.*, Plaintiff brought similar claims for damages and statutory bad faith penalties under Louisiana law after a house that he had purchased, but not moved into,

was damaged during Hurricane Katrina. 308 F. App'x at 801. The insurer raised the same lack of coverage defense to Plaintiff's claims for certain damages, arguing that Plaintiff did not reside at the property as was required under the insurance coverage contract. *Id.* at 805–806. There, the Court rejected Plaintiff's argument that he did reside at the property because he had (1) identified the property as his address in his deposition, (2) listed that address on his driver's license, (3) received mail at that address, (4) received correspondence from the defendant insurer at that address, (5) stored some minimal furniture at the property, and (5) was at the property every day working on the house, checking on it, or picking up mail. The *Korbel* court explained that these facts were insufficient to raise a material issue of fact as to whether Plaintiff resided at the property in question, in the face of Plaintiff's admission that he ate, bathed, and usually slept at another residence. *Id.*

The result is the same in this case. Many people pay bills for properties at which they do not reside. Many people receive mail at properties at which they do not reside. The fact that Plaintiff was granted a homestead exemption on the Property indicates only that Plaintiff submitted to the Jefferson Parish Assessor's Office that the Property was his primary residence; it does not make that fact true. Additionally, "although Korbel clearly spent a great deal of time working on the house and intended it to be his residence in the future, this evidence is insufficient" given that Plaintiff "kept only a minimal amount of furniture there[,]" and "did not engage in leisure activities at the house," but rather went to the Property to work on or check on the house. *Id.* at 805. Plaintiff admitted in his deposition that he did not move into the Property, but was still living at another location at the time the Property was impacted by Hurricane Zeta. Accordingly, Plaintiff did not 'reside' at the Property, and is not entitled to coverage under the Policy.

V.   **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment, R. Doc. 19, is hereby **GRANTED**. Having determined that Defendant is entitled to summary judgment on all of Plaintiff's claims, Defendant's alternate Motion for Partial Summary Judgment on Plaintiff's bad faith claims, R. Doc. 20, is **DENIED AS MOOT**.

New Orleans, Louisiana, this 31st day of May, 2023.

_____
United States District Judge